IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL HILL CASTAGNOLA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY d/b/a SNAPFISH.COM, et al.,<br><br>Defendants.<br>_____/ | No. C 11-05772 JSW<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION AND CONTINUING HEARING ON MOTIONS TO DISMISS** |

On February 1, 2012, Plaintiffs filed their First Amended Complaint ("FAC"), which is the operative pleading in this matter. Plaintiffs have asserted claims for Violations of California Business and Professions Code Sections 17200, *et seq.* and California Civil Code Sections 1750, *et seq.* Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of*

*America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

Plaintiffs allege that "[t]his Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d)(2)," the Class Action Fairness Act ("CAFA"), because this is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a State different from Defendants." (FAC ¶ 12.) However, Plaintiffs offer no allegations as to the size of the putative class and, thus, it is not evident that Plaintiffs can meet CAFA's jurisdictional minimum. As such, before the Court proceeds to resolve the pending motions to dismiss, it wishes to satisfy itself that it has jurisdiction over this matter.

Accordingly, Plaintiffs are HEREBY ORDERED TO SHOW CAUSE as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiffs' response to this Order to Show Cause shall be due by no later than May 11, 2012. If Defendants believe a reply to Plaintiffs' response is warranted, any such response shall be filed no later than May 18, 2012. The hearing on the motions to dismiss is HEREBY CONTINUED to June 15, 2012. If the Court finds the motions suitable for disposition without oral argument, it shall notify the parties in advance of the hearing date.

**IT IS SO ORDERED.**

Dated: April 30, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE